IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TITUS JORDAN,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      CIVIL ACTION NO. 2:12CV588-MEF
                                       )
DBMC RESTAURANTS OF TROY,              )
ALABAMA, LLC, d/b/a SANTA FE           )
CATTLE COMPANY,                        )
                                       )
            Defendant.                 )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff commenced this action on July 6, 2012, against DBMC Restaurants of Troy,

Alabama, LLC.[1] He paid the requisite civil action filing fee, but failed to provide service

materials so that the Clerk could effect service by certified mail.  On the afternoon of July

10, 2012, a Clerk's office employee called counsel's office and spoke with a paralegal about

service materials.  The paralegal told her that she had not sent service materials because

plaintiff's counsel was not yet ready to serve the defendant.  By letter dated the same day,

the Clerk advised plaintiff's counsel that she needed to provide the service materials and,

also, that Rule 4(m) of the Federal Rules of Civil Procedure required service within 120 days

after the filing of the complaint.

Three and a half months thereafter, the District Judge allowed plaintiff's counsel to

withdraw from representation and referred this action to the undersigned Magistrate Judge.

---

[1] Plaintiff was represented by counsel when he filed his complaint.

Later that day, plaintiff's counsel filed a certification that she had provided plaintiff with a copy of the order allowing counsel to withdraw from representing the plaintiff and also, "specific written notice that 'this litigation will continue with Plaintiff proceeding in this matter pro se until Plaintiff secures new counsel, if he so chooses.'" (Doc. ## 3, 4, 5).

On November 5, 2012, the undersigned Magistrate Judge entered an order directing the plaintiff to show cause, in writing, why this action should not be dismissed pursuant to Rule 4(m) due to plaintiff's failure to effect service of the summons and complaint on the defendant within 120 days of filing the complaint. (Doc. # 6). The court set a deadline of November 21, 2012, for plaintiff's response to the show cause order, and also cautioned him that "if he fails to comply with this order or any other order of the court, this action may be dismissed by the presiding District Judge." (Id.). The Clerk sent the order to the plaintiff by both certified and first class mail. On November 9, 2012, the Clerk received a return receipt card – signed by the plaintiff – acknowledging receipt of the certified mail on November 8, 2012. (Clerk's not at Doc. # 6; Doc. # 7). Plaintiff did not respond to the show cause order thereafter, nor has he otherwise contacted the court in the intervening months since entry of the order. The plaintiff has never provided service materials to the Clerk, and the docket does not indicate that he has otherwise effected service on the defendant.

Rule 4(m) provides, in part:

If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

2

Fed. R. Civ. P. 4(m).  Plaintiff has not offered the court any cause (good or otherwise) for his failure to serve the defendant.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without prejudice due to plaintiff's failure to effect service within 120 days as required by Fed. R. Civ. P. 4(m).

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the plaintiff.  Plaintiff may file any objections to this Recommendation on or before December 6, 2013.  Any such objections must identify the specific findings in the Magistrate Judge's Recommendation to which plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 22nd day of November, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE